W. J. CRAIG, ADM'R, v. Q. DAVIDSON, ADM'R.

(January 16, 1880.)

ESTATES OF DECEASED PERSONS.— Claims against; commissions due former administrator; plea of limitations by administrator *de bonis non.*

APPEAL from Victoria county. Opinion by WALKER, J.

STATEMENT.— April, 1867, Mitchell qualified as the executor of the will of J. O. Wheeler. In September following he died. In 1868 Davidson was appointed administrator *de bonis non.*

It seems that Mitchell, who had been Wheeler's chief clerk, had so kept his accounts and the funds of the estate that Davidson, from an inspection of the books and counting the moneys left, was able to ascertain, to his satisfaction, what money Mitchell had collected of the estate and what he had disbursed. The result thus ascertained, in 1868, was, by Davidson, reported to the probate court.

Craig, the appellant, was appointed administrator of the estate of Mitchell July 17, 1875, and after Davidson had filed his final account and had asked to be discharged; Craig filed opposition to the discharge, asking an order for the payment of the statutory commissions upon the money collected and paid out by his intestate while executor of Wheeler's estate, with interest from January 1, 1868. Davidson pleaded limitation of five years.

The above facts were passed upon as evidence and submitted to the court. The claim for commissions was not recognized by Davidson in his report to the court; it had never been approved by Davidson or established by suit; had never, in any way, been urged until July 17, 1875, in the resistance to Davidson's discharge. Judgment was rendered for the defendant on the statute of limitations, and Craig appealed.

OPINION.— The appellant insists that the claim was not barred by limitation, and cites the cases of Haggerty v. Scott, 10 Tex., 531, and Hefflefinger v. George, 14 Tex., 581, in support of his position. An examination of these cases does not satisfy us that the court below was in error. In Haggerty v. Scott, a minor plaintiff was held not to be concluded by limitation in a suit against the securities of a former guardian, who had been displaced by the appointment of his wife, at the selection of the plaintiff, the wife being under disability also to sue, and suit having been brought before any complete limitation had been reached, either as against the guardian or the minor plaintiff. The case in 14 Texas only held that while the final account had been passed, the orders from time to time made in the progress of one administration were, in their nature, interlocutory, and that limitation only ran from the final order.

On the death of Mitchell in September, 1867, the estate of Wheeler was vacant. Davidson succeeding in the administration in 1868, was charged with the duty, as against Mitchell's estate, of taking charge of the assets of Wheeler's estate. If not impeded in the work of reducing the assets to his possession, suit was unnecessary against the estate of Mitchell. If, in collecting the assets of Wheeler's estate, Davidson encroached upon the estate of Mitchell, and if he appropriated, as funds of Wheeler's estate, money which should properly have been allowed to the estate of Mitchell, then an action would lie therefor. Miller v. Wingate, 11 Tex., 434. The cause of action was the appropriation of

the funds by Davidson. Suit could have been at once instituted. The statute of limitations would therefore run in favor of Davidson's duty to make the plea.

There is no trust relation between Davidson and the Mitchell estate other than would arise from the relation of debtor and creditor. Davidson is trustee for the creditors and heirs of Wheeler. Craig, as administrator of Mitchell's estate, is not a beneficiary except in the event he establish his claim as creditor. Davidson did not recognize the claim for commissions to Mitchell's estate in his report to the probate court; it therefore devolved on Craig to establish the claim. This was never done; when the proceedings for that purpose were taken the claim was barred and the plea of limitation was a defense.

There is no error, and the judgment below should be affirmed.